STRIBLING BROTHERS MACHINERY
COMPANY, Inc., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 3172(J) (C).

United States District Court
S. D. Mississippi.

June 17, 1964.

Paul M. Newton, Gulfport, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., and Robert White, Dept. of Justice, Washington, D. C., for defendant.

COX, Chief Judge.

The taxpayer instituted this suit in this court for the recovery of income taxes in the amount of $30,514.90 for the fiscal year ending September 30, 1951, and $15,576.86, for income taxes for the fiscal year ending September 30, 1952, plus interest thereon from November 5, 1956. The claim arises out of a back assessment by the District Director of Internal Revenue of such taxes for said years against the taxpayer. The dispute between the parties hinges around the formula used for determination of the excess profit tax credit under the Korean Excess Profit Tax Act. The taxpayer contends that it is a "new corporation" within the purview of Part One, 18 U.S.C.A. § 445, while the District Director insists that the taxpayer was an "acquiring corporation" under Part Two of the Act appearing as § 461 and § 462, and that its tax credit should be computed under § 435, since it "commenced business" prior to the base period preceding the year 1946.

The taxpayer is a corporation, chartered and organized under the laws of the State of Mississippi on September 30, 1948. The facts in this case are not in dispute but are admitted as contained in the pretrial order of this Court and

the subsequent stipulation of the parties. Prior to 1946, Stribling Brothers Machinery Company, a co-partnership composed of the two Stribling brothers and their wives, owned and operated a heavy dirt moving equipment business where caterpillar tractors were sold as distributors and were repaired and serviced. On September 30, 1948, all of the assets of said partnership business were transferred by said partners to said corporation on a tax free basis in exchange for all of the stock issued by said corporation equally to each of the four partners. The corporation remained at the same business site with the same personnel and employees, except only that one Stribling brother became president and the other Stribling brother became secretary-treasurer of the corporation, and thus became employees of the corporation. The corporation commenced business on October 1, 1948, and did exactly the same business as the partnership did and with all of the same assets. The corporation assumed the liabilities of the partnership. Significantly, the excess profits net income of the business for the fiscal year 1951 was $434,522.45 and the excess profits net income for said business for fiscal year 1952 was $553,853.71 according to the present calculations of both parties, but they disagree only as to the excess profits credit to be applied for said years against said taxes.

■ This Act was designed and intended by Congress to relieve a new business of some of the harsh exactions of this Act by providing a rational basis for determining a credit against such taxes which would be more reasonable and helpful. It is interesting to note that the Senate Finance Committee deleted from the House-passed version of § 445 the reference therein to § 461. It is not deniable that this Act was passed as a wholesome piece of remedial legislation and that it deserves treatment in that context.

Able counsel on both sides in this case have demonstrated unusual skill in simplifying for the understanding of the Court an otherwise very complicated series of tax statutes which tend to defy understanding.

■ It is the opinion of the Court that the taxpayer cannot be properly treated as a "new corporation" within the purview of this Act. It is new in the common sense that it was just created, but its roots extend back through many years of this partnership business and for years prior to the base period in suit. It may not be gainsaid that this transaction constituted the taxpayer as an acquiring corporation which simply did nothing more than change the method of operation of the component corporation to that of a corporate entity. The net result of this conclusion is that the taxpayer was not a new corporation within the purview of § 445(a) and that it was obliged to compute the tax credits of such business under § 435. The District Director properly back assessed this business for income taxes for the years in suit in the correct amount. The case of Davey Company v. Commissioner of Internal Revenue, 32 T.C. 743, relied upon by the taxpayer is not comparable on the facts to the case at bar. The Court said in that case: "That the record does not demonstrate Aurora acquired a substantial part of the operating assets of Davey or carried on the business which Davey previously conducted. Aurora simply sold Davey its complete stock for one thousand dollars and acquired the assets and business of Consolidated Paper Company, a business title unrelated to any of the affiliated petitioners." The case here is more nearly alike that in Wood-Mosaic Company v. United States, D.C., 160 F.Supp. 636, affirmed 6 Cir., 272 F.2d 944, cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed. 2d 1146. Cf: Phinney v. Tuboscope Company, (5CA) 268 F.2d 233.

Accordingly, it is the opinion of the Court that the complaint in this case is without merit and should be dismissed at plaintiff's cost. An order accordingly may be presented.